UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARRIE A. LARABY,

    Plaintiff,

v.                                                  Case No:   2:15-cv-174-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

This cause comes before the Court on Plaintiff Carrie A. Laraby's Complaint (Doc. 1) filed on March 18, 2015.  Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    I.    **Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

        **A.  Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. §§ 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful

activity that exists in the national economy.  42 U.S.C. §§ 423(d)(2); 20 C.F.R. §§ 404.1505 - 404.1511.

### B. Procedural History

On December 6, 2011, Plaintiff filed an application for disability insurance benefits asserting an onset date of April 15, 2011.  (Tr. at 144).  Plaintiff's application was denied initially on February 8, 2012, and on reconsideration on April 11, 2012.  (Tr. at 97, 108).  A hearing was held before Administrative Law Judge ("ALJ") Maria C. Northington on June 9, 2014.  (Tr. at 46-88).  The ALJ issued an unfavorable decision on September 12, 2014.  (Tr. at 24-45).  The ALJ found Plaintiff not to be under a disability from April 15, 2011 through the date of the decision.  (Tr. at 41).

On January 23, 2015, the Appeals Council denied Plaintiff's request for review.  (Tr. at 1-6).  Plaintiff filed a Complaint (Doc. 1) in the United States District Court on March 18, 2015.  Defendant filed an Answer (Doc. 16) on July 1, 2015.  Both parties filed memoranda in support of their positions.  (Docs. 24 and 26).  The parties consented to proceed before a United States Magistrate Judge for all proceedings.  (Doc. 17).  This case is ripe for review.

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled.  *Packer v. Comm'r of Social Security*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1]  An ALJ must determine whether the claimant:  (1) is performing substantial gainful activity; (2) has a severe

---

[1] Unpublished opinions may be cited as persuasive on a particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P.  Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) can perform other work of the sort found in the national economy. *Packer*, 542 F. App'x at 891 (citing 20 C.F.R. § 404.1520; *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004)). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2016. (Tr. at 29). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 15, 2011, the alleged onset date. (Tr. at 29). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "mild lumbar degenerative disc disease with scarring, facet arthropathy status-post fusion in 2000 with lumbar pain/ fibromyositis (a secondary pain term) and radiculopathy." (Tr. at 29). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (Tr. at 30). At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work:

> [W]ith the ability to occasionally lift and/or carry up to 20 pounds as defined in the Dictionary of Occupational Title (DOT) [sic] and regulations, as well as, lift/carry 10 pounds frequently. This includes sedentary work as defined in DOT and the regulations. The claimant has no limits for sitting in an eight-hour workday. In deference to her pain allegations despite the mild lumbar findings, she is capable of standing and/or walking for up <u>to four hours</u> in an eight-hour workday. She is able to perform occasional postural functions of climbing ramps/stairs and stooping. In the course of work, she should be allowed the ability to optionally alternate between sitting and standing, but such would not cause her to be off-task. She is to perform no crawling, no crouching, no kneeling and no climbing of ladders/ropes/scaffolds.

(Tr. at 31).

At step four, the ALJ determined that Plaintiff is able to perform her past relevant work as a Court Clerk, (DOT #243.362-010), sedentary work with an SVP of 6; Supervisor of Clerks, (DOT #209.132-010), sedentary with an SVP of 6; and Receptionist, (DOT #352.667-010), light work with an SVP of 3. (Tr. at 39).[2] The ALJ wrote that "[i]n comparing [Plaintiff's] residual functional capacity with the physical and mental demands of this work, the undersigned finds that [Plaintiff] is able to perform it as actually and generally performed." (Tr. at 39). Moreover, the ALJ specifically noted that a vocational expert testified that "all three jobs also accommodate standing/walking to as little as two hours in an eight hour workday." (Tr. at 39).

Although the ALJ determined at step four that Plaintiff could perform past relevant work, the ALJ proceeded to make alternative findings for step five. (Tr. at 39-40). For these alternative findings, the ALJ considered Plaintiff's age, education, and work experience. (Tr. At 39-40). The ALJ noted that, even if Plaintiff was prevented from performing any of her past relevant work, the vocational expert testified that there were other occupations that an individual with the same age, education, past relevant work experience, RFC, and past acquired skills could perform. (Tr. at 40). The ALJ further noted that, even with additional hypothetical restrictions such as "stand and/ or walk for two hours in an eight-hour workday," there were still jobs that existed in significant numbers. (Tr. at 40).

The ALJ determined that the vocational expert's testimony was consistent with the information contained in the *Dictionary of Occupational Titles*. (Tr. at 41). Ultimately, the ALJ

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*, and "SVP" refers to the Specific Vocational Preparation Code.

4

concluded that a finding of "not disabled" was appropriate and that Plaintiff was not under a disability from April 15, 2011, through the date of the decision. (Tr. at 41).

### D.  Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Richardson*, 402 U.S. at 401; *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as the finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (holding that the court must scrutinize the entire record to determine reasonableness of factual findings).

**II.    Analysis**

Plaintiff argues three issues on appeal:

1. The Commissioner erred in failing to articulate good cause for not crediting the treating opinion of Dr. Gross and in improperly substituting her layperson opinion for that of a medical expert.

2. The Commissioner erred in failing to make adequate credibility findings regarding Ms. Laraby's pain and other symptoms and in improperly relying on multiple mistakes of fact due to Commissioner's [sic] misreading of the evidence.

3. The Commissioner failed to address why she was not crediting the opinion of Dr. Sonstein, a neurosurgeon, that Ms. Laraby suffered from a permanent injury to her cervical spine and needed to avoid high impact activity and overhead lifting.

(Doc. 24 at 1).  The Court addresses Plaintiff's argument as to Dr. Sonstein first.

**A. Dr. Sonstein's Opinion**

*i.   The Parties' Positions*

Plaintiff argues that the ALJ failed to address why she was not crediting the opinion of Dr. Sonstein.  (Doc. 24 at 22-23).  Plaintiff notes that Dr. Sonstein performed a consultative examination on Plaintiff in August 2011.  (*Id.* at 23).  Plaintiff further notes that Dr. Sonstein "concluded that Ms. Laraby sustained a permanent injury to the cervical spine area and should avoid high impact activity and overhead lifting." (*Id.*).  Plaintiff contends, however, that "[t]he ALJ concluded that Ms. Laraby did not have a severe cervical spine condition."  (*Id.* at 22). Plaintiff argues that "Dr. Sonstein's opinion took into account the very same MRI findings that the ALJ used as a basis for determining that [Plaintiff's] cervical condition was not even minimally severe." (*Id.* at 25 (citing Tr. at 30)).  Plaintiff contends, therefore, that the ALJ erred by not stating why she was "not crediting the limitations indicating that the impairment was

more than minimally limiting." (*Id.* at 23).  Plaintiff argues that the ALJ's failure to meaningfully analyze Dr. Sonstein's opinion warrants reversal and remand.  (Doc. 24 at 25).

In response, Defendant concedes that "the ALJ did not explicitly address Dr. Sonstein's opinion."  (Doc. 26 at 15).  Defendant, however, argues that "such error is harmless because it does not affect the ALJ's ultimate finding."  (*Id.* (citing *Tillman v. Comm'r, Soc. Sec. Admin.*, 559 F. App'x 975, 975 (11th Cir. 2014) ("[W]hen the ALJ's error did not affect its ultimate findings, the error is harmless, and the ALJ's decision will stand."))).  Defendant argues that the two limitations that Dr. Sonstein opined – *i.e.*, avoiding high impact activities and overhead lifting – are accounted for within the limitations in the RFC.  (Doc. 26 at 15 (citing Tr. at 31)).  Specifically, Defendant argues that the limitations in the RFC "would preclude high impact activities as opined by Dr. Sonstein."  (Doc. 26 at 15 (citing Tr. at 540, 191)).  Defendant further contends that Dr. Sonstein's limitation of no overhead lifting is contradicted by the opinions of Dr. Gross, Plaintiff's treating physician.  (*Id.*).

Nevertheless, Defendant notes that the RFC does not explicitly limit Plaintiff's reaching.  (Doc. 26 at 15-16).  Defendant argues, however, that "[h]ad the ALJ credited Dr. Sonstein's opinions and included limitations on high impact work and overhead reaching in the RFC, the outcome would not have changed."  (*Id.* at 16).  Further, Defendant argues that, even with additional limitations, the ALJ's alternate findings that Plaintiff could perform other work demonstrates that Plaintiff has not met her burden of showing that she cannot perform her past relevant work.  (*Id.*).

Defendant argues that "the Commissioner properly considered the relevant evidence and properly performed his [sic] duty as the trier of fact in resolving any conflicts in the evidence."  (*Id.*).  Defendant contends that "[e]ven if this Court disagrees with the ALJ's resolution of the

factual issues, and would resolve those disputed factual issues differently, her decision must be affirmed where, as here, it is supported by substantial evidence in the record as a whole." (*Id.* at 17). Thus, Defendant argues that "the ALJ applied the proper legal standards in evaluating Plaintiff's case and the findings are supported by substantial evidence." (*Id.*).

### ii. Legal Standard

Medical opinions are statements from physicians, psychologists, or other acceptable medical sources that reflect judgments about the nature and severity of impairments, including symptoms, diagnosis and prognosis, what a claimant can still do despite impairments, and physical or mental restrictions. 20 C.F.R. §§ 404.1527(a)(2). When evaluating a medical source, the factors to be considered by an ALJ include: "(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of any treatment relationship; (3) supportability; (4) consistency with other medical evidence in the record; and (5) specialization." *Id*. (citations omitted).

An ALJ is required to consider every medical opinion. *Bennett v. Astrue*, No. 308-CV-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009) (citing 20 C.F.R. §§ 404.1527(d), 416.927(d)). Further, an ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir.1987)); *see also Jusick v. Comm'r of Soc. Sec.*, No. 6:10-cv-126-ORL-GJK, 2011 WL 1059106, at *10 (M.D. Fla. Mar. 21, 2011); 20 C.F.R. §§ 404.1527(a)(2). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)). When an ALJ fails to "state with at least some

measure of clarity the grounds for his decision," the Court will decline to affirm "simply because some rationale might have supported the ALJ's conclusion." *Winschel*, 631 F.3d at 1179 (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). The Eleventh Circuit has held that "[i]n such a situation, 'to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" *Winschel*, 631 F.3d at 1179 (quoting *Cowart*, 662 F.2d at 735)). Thus, failure to state with particularity the weight given to different medical opinions and the reasons therefor constitutes reversible error. *Jusick*, 2011 WL 1059106, at *10 (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)). Nevertheless, the Court is not forced to reverse an ALJ's decision when the ALJ's error does not affect the ultimate findings. *Tillman*, 559 F. App'x at 975. If the error is harmless, the ALJ's decision will stand. *Id.* (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).

In looking at relevant case law, this Court has reversed the decision of the Commissioner when the ALJ failed to state with particularity the weight assigned to various medical opinions. *Jusick*, 2011 WL 1059106, at *10 (M.D. Fla. Mar. 21, 2011). For instance, in *Jusick*, the plaintiff argued that the ALJ failed to properly weigh and consider the opinion evidence. *Id.* The Court agreed and stated that "[w]ithout clearly stating the weight given to those medical opinions, it is impossible for the Court to determine whether the final decision is supported by substantial evidence, particularly in this case where the various medical opinions contain conflicting evidence." *Id.* (citing *Winschel*, 631 F.3d at 1178-79)). Such a failure by the ALJ constituted reversible error. *Jusick*, 2011 WL 1059106, at *10 (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)).

In *Tillman*, however, the claimant argued that the ALJ failed to explicitly assign weight to the opinions of two doctors that treated the claimant during his hospitalization following a stroke. *Tillman*, 559 F. App'x at 976. The Court, however, affirmed the ALJ's decision even though the ALJ failed to assign the particular weight given to the different medical opinions. *Id.* The Court noted that the ALJ "expressly noted and considered the diagnostic evidence on which [the doctors] relied in forming their opinions, and that evidence, along with other objective medical evidence in the record and [the claimant's] own testimony, showed that he was not disabled and incapable of work." *Id.* at 975. The Court further noted that the doctors' opinions "concerned matters ultimately reserved to the Commissioner for final determination (i.e., whether [the claimant] was legally disabled) and were therefore not entitled to controlling weight." *Id.* While acknowledging that the ALJ's failure to specifically reference the opinions of the doctors would ordinarily constitute reversible error, the Court, nevertheless, concluded that the failure did not affect the result in that case. *Id.*

### iii. Analysis

Dr. Sonstein, a board certified neurosurgeon, performed a consultative examination on Plaintiff on August 30, 2011. (Tr. at 364). Dr. Sonstein took Plaintiff's history and reviewed cervical and lumber MRIs performed on Plaintiff on July 12, 2011. (Tr. at 364). Dr. Sonstein wrote that "the cervical study shows a disc protrusion, questionable 1-2mm protrusion at C3-C4" and that "the lumbar study shows s/p L5-S1 fusion." (Tr. at 364). Dr. Sonstein's assessment of Plaintiff stated: "1. Status post MVA, dated 4/15/11. 2. Displacement of cervical disc. 3. Lumbar sprain/strain." (Tr. at 364). In Dr. Sonstein's opinion, "the patient has suffered a permanent injury to the cervical areas as a direct result of the motor vehicle accident that occurred on 4/15/11." (Tr. at 364). As a result of his findings, Dr. Sonstein recommended, in

10

pertinent part, that "[t]he patient is to avoid high impact activity and overhead lifting." (Tr. at 364).

As Plaintiff notes, the ALJ did consider the MRI findings that Dr. Sonstein used in formulating his assessment of Plaintiff. (Doc. 24 at 24 (citing Tr. at 30)). The ALJ did not, however, state with particularity the weight assigned to the medical opinion of Dr. Sonstein and the reasons therefore. In fact, the ALJ failed to make any reference to Dr. Sonstein's opinion or Plaintiff's restrictions from Dr. Sonstein's opinion.

This failure comes despite the ALJ's specific finding that Plaintiff's cervical injuries were not severe. (Tr. at 30). On this point, Dr. Sonstein rendered a medical opinion regarding Plaintiff's cervical back, including a statement that Plaintiff suffered a permanent injury to her cervical areas and that "[t]he patient is to avoid high impact activity and overhead lifting." (Tr. at 364). While Defendant makes a fair argument that the outcome would have remained the same even if the ALJ had taken Dr. Sonstein's opinion into consideration, (*see* Doc. 26 at 15-16), the Court is not in a position to make such findings. The Court cannot say with certainty that the ALJ's determinations, as to Plaintiff's RFC and ultimately her disability, would have been the same had she properly considered Dr. Sonstein's medical opinion. Moreover, in this instance, the Court is not inclined to affirm the ALJ's decision "simply because some rationale might have supported the ALJ's conclusion." *Winschel*, 631 F.3d at 1179 (quoting *Owens*, 748 F.2d at 1516).

The Court further finds that the *Tillman* decision relied upon by Defendant is inapposite. Like *Tillman*, a review of the ALJ's opinion in this case shows that the ALJ considered the same diagnostic evidence on which Dr. Sonstein relied. (*See* Tr. at 30). Nevertheless, unlike *Tillman*, Dr. Sonstein's opinion does not concern "matters ultimately reserved to the Commissioner for

final determination" – *i.e.*, whether Plaintiff is legally disabled. *Tillman*, 559 F. App'x at 976. Dr. Sonstein's opinion does not give a statement on whether Plaintiff is disabled, but rather states that Plaintiff has a permanent injury to her cervical areas. (*See* Tr. at 364). Moreover, unlike *Tillman*, because the Court cannot say with certainly that the ALJ's findings would have been the same had she properly considered Dr. Sonstein's medical opinion, the Court cannot conclude here that the ALJ's error was harmless.

Accordingly, in light of the clear requirements in the regulations and the case law that an ALJ must state with particularity the weight given to different medical opinions and the reasons therefor, the Court finds that the ALJ's failure to do so in this case is reversible error. *See Winschel*, 631 F.3d at 1179.

### B. Plaintiff's Remaining Arguments

Plaintiff's remaining arguments focus on a number of issues that cannot be resolved until it is clear to the Court that the ALJ properly considered all of the relevant medical evidence in the record. Because the Court has found that, upon remand, the ALJ must evaluate certain medical opinions, which contain impairment evidence, and that evidence may impact the Court's analysis of other elements of the ALJ's Decision, the Court finds that any ruling on Plaintiff's remaining arguments would be premature at this time.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is not supported by substantial evidence because the ALJ did not evaluate the medical opinion of Dr. Sonstein. Upon remand, the Commissioner should reevaluate all of the medical opinions, and should specifically consider the medical opinion of Dr. Sonstein.

**IT IS HEREBY ORDERED:**

1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the medical evidence and the opinion of Dr. Sonstein.

2) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

3) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

**DONE AND ORDERED** in Fort Myers, Florida on July 29, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties